UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA M. RICHARDSON EL HABTI,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration,<br><br>    Defendant. | Case No. CIV-13-1147-W |

## REPORT AND RECOMMENDATION

Plaintiff Cynthia M. Richardson El Habti brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. United States District Judge Lee R. West has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. The Commissioner has answered and filed the administrative record (Doc. No. 11, hereinafter "R._"). The parties have briefed their positions, and the case is now ready for decision. For the reasons discussed below, it is recommended that the Commissioner's decision be REVERSED AND REMANDED.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her applications for DIB and SSI on November 1, 2010,

alleging a disability onset date of July 1, 2009, and seeking benefits on the basis of: C5-C6 broad-based posterior disc bulge indenting the thecal sac; L4-L5 disc space narrowing and disc desiccation, central disc protrusion indenting the ventral thecal sac, and annular tear, facet joints hypertrophic; L3-L4 disc desiccation and disc space narrowing, annular tear, facet joints hypertrophic, central disc protrusion indenting the ventral thecal sac, and posterior fissure epidural leak; fatigue; muscle weakness and spasms; chronic pain causing insomnia and depression; and multiple cervical and lumbar bulging discs. R. 237-46, 278-92. Following initial denial of her applications, the assigned Administrative Law Judge ("ALJ") held a hearing and issued an unfavorable decision on January 18, 2012. R. 71-87, 127-41, 146-51. The SSA Appeals Council considered additional evidence but ultimately denied Plaintiff's request for review. R. 3-6, 8-67.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged disability onset date through the date of the decision. R. 73; *see* 20 C.F.R. §§ 404.1571, 416.971. At step two, the ALJ determined that Plaintiff had the severe impairments of:

> multiple cervical and lumbar bulging disc[s], chronic pain, C5-C6 broad-based posterior disc bulge indents thecal sac, L4-L5 disc space narrowing and disc desiccation, L4-L5 central disc protrusion indents the ventral thecal, L4-L5 annular tear, and facet joints hypertropic. The claimant has L3-L4 disc desiccation and disc space narrowing, L3-L4 annular tear, facet joint hypertrophy, L3-L4 central disc protrusion indents ventral thecal sac, L3-L4 posterior fissure epidural leak with fatigue, muscle weakness and muscle spasms. The pain never stops, causes insomnia and depression[.]

2

> There is mild disc space narrowing in L1-L2 and L5-S1. The claimant is status post L3-L5 lumbar fusion. The claimant has essential hypertension.

R. 73-77; *see* 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the ALJ determined that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 77-78; *see* 20 C.F.R. §§ 404.1520(d), 416.920(d). The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her impairments. R. 78-85; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The ALJ found that Plaintiff "is limited to light work with limitations in crawling, stooping, and climbing stairs, kneeling or crouching." R. 78; *see* 20 C.F.R. §§ 404.1567(b), 404.1569a, 416.967(b), 416.969a.

At step four, the ALJ concluded that Plaintiff retained the capability to perform her past relevant work as a payroll clerk (sedentary, semiskilled), manager trainee (light, skilled), and cashier III (light, unskilled). R. 85-87; *see* 20 C.F.R. §§ 404.1565, 404.1572, 416.965, 416.972. The ALJ alternatively made a step-five finding and considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. R. 86-87. Taking into consideration the VE's hearing testimony regarding Plaintiff's past work experience and additional limitations, the ALJ concluded that Plaintiff could perform occupations such as billing clerk (sedentary, semiskilled), office helper (light, unskilled), and new-account interviewer (sedentary, unskilled) and that such occupations offer jobs that exist in significant numbers in the national economy. R. 86-87; *see* 20 C.F.R. §§ 404.1545(a)(5)(ii), 416.945(a)(5)(ii). The ALJ therefore held that Plaintiff had

not been disabled within the meaning of the Social Security Act at any time from July 1, 2009, through the date of the decision. R. 87; *see* 20 C.F.R. §§ 404.1520(g), 416.920(g).

Plaintiff's request for review of this decision by the Appeals Council was ultimately denied on August 30, 2012. R. 3-6. Thus, the January 18, 2012, determination of the ALJ is the Commissioner's final decision on Plaintiff's DIB and SSI applications. *See* 20 C.F.R. §§ 404.981, 416.1481. Thereafter, Plaintiff commenced this appeal.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the administrative law judge's findings, to determine if the substantiality test has been met. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272

(10th Cir. 2008).

ANALYSIS

Plaintiff raises several claims of error in support of reversal of the ALJ's decision. *See* Pl.'s Br. (Doc. No. 13) at 10-28; Pl.'s Reply (Doc. No. 15) at 1-11. Plaintiff first argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ mischaracterized or misapprehended the opinion of a consulting physician to which the ALJ had afforded "great weight." Pl.'s Br. at 15-17; Pl.'s Reply at 1, 2-4. Because the undersigned agrees and recommends remand on the basis that the ALJ's RFC is not supported by substantial evidence, this Report and Recommendation does not address Plaintiff's additional arguments, which "may be affected by the ALJ's treatment of this case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

In determining that Plaintiff retained the RFC to perform light work (subject to unspecified nonexertional limitations on crawling, stooping, climbing stairs, kneeling, and crouching), the ALJ necessarily found that Plaintiff had the ability to perform "a good deal of walking or standing." SSR 83-10, 1983 WL 31251, at *5 (1983); 20 C.F.R. §§ 404.1567(b), 416.967(b); *see* R. 85-86 (ALJ finding that Plaintiff could perform the light, unskilled jobs of cashier III and office helper and the light, skilled job of manager trainee). Specifically, "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6. Because "[r]elatively few unskilled light jobs are performed in a seating

position," it is often the case for those jobs that "the ability to stand" is "more critical than the ability to walk." *Id.* at *5, *6.

After Plaintiff filed her disability applications, state consulting physicians Luther Woodcock, MD, and James Metcalf, MD, issued Physical RFC Assessments regarding Plaintiff. *See* R. 559-66, 580-87. In his Physical RFC Assessment of February 18, 2011, Dr. Woodcock set forth a detailed review of the evidence gleaned from the record, including Plaintiff's alleged symptoms, pain allegations, treatment history, and activities of daily living. R. 560-61. Dr. Woodcock found that Plaintiff's primary diagnosis was degenerative disc disease, Plaintiff's secondary diagnosis was high blood pressure, and Plaintiff also had the alleged impairments of hip and neck pain. R. 559. In evaluating Plaintiff's exertional limitations, Dr. Woodcock found that Plaintiff was able to "[s]tand and/or walk (with normal breaks) for a total of" "about 6 hours in an 8-hour workday." R. 560. In other words, Dr. Woodcock found that Plaintiff retained the standing/walking ability to perform light work. *See* SSR 83-10, 1983 WL 31251, at *5.

The Physical RFC Assessment completed by Dr. Metcalf on April 7, 2011, echoed that of Dr. Woodcock in many respects. R. 580-87. However, in contrast to Dr. Woodcock's standing/walking finding, Dr. Metcalf found (and twice stated explicitly) that Plaintiff "can stand and/or walk for 2-4 hours total per 8 hour day." R. 581, 582. Such a finding is more consistent with a capability to perform sedentary work than with a capability to perform light work. *See* SSR 83-10, 31251, at *5 (prescribing that "walking and standing are required occasionally" in sedentary jobs and that "occasionally" means

6

that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday").

In reaching his RFC determination, the ALJ discussed much of the medical evidence, including the Physical RFC Assessments of Drs. Woodcock and Metcalf. R. 81, 84-85. The ALJ correctly noted that Dr. Woodcock found that Plaintiff could perform light work. R. 84. The ALJ then incorrectly stated that "Dr. Metcalf affirmed the claimant could perform work at the light level of activity." R. 84. Next, in describing Plaintiff's visit to pain management physician David P. Ellis, MD, the ALJ stated that Plaintiff "can stand and/or walk for 2-4 hours total per 8-hour day," which is not a finding reflected in Dr. Ellis' records. R. 84; *see* R. 577-78. Finally, the ALJ stated:

> The State agency medical consultants who evaluated the evidence of record at the initial and reconsideration level assessed the claimant can perform sedentary work with occasional postural limitations. The undersigned gives the initial and reconsideration determination opinions of the State agency medical consultants great weight because these are well supported by medically acceptable clinical and laboratory findings, and are consistent with the record when viewed in its entirety. . . . . [T]he undersigned gives great weight to the State agency doctors and psychologists.

R. 84-85.

In sum, the ALJ misstated Dr. Metcalf's finding, then perhaps correctly stated the finding but attributed it to another physician, then perhaps correctly stated the finding but attributed it to multiple consultants, and finally—without addressing the differences between them—considered the two consulting physicians' opinions together (possibly in conjunction with other state physicians or psychologists) and gave both doctors' Physical RFC Assessments "great weight." R. 84-85. There are two possible interpretations that

7

can reasonably be made of this course of analysis and the ALJ's conclusion that Plaintiff can perform light work.

The first possibility is that the ALJ misapprehended Dr. Metcalf's finding and erroneously believed Dr. Metcalf to have found that Plaintiff was capable of light work. *See* R. 84. This scenario is supported by the ALJ's collective reference to the opinions of Drs. Woodcock and Metcalf and assignment of great weight to both opinions, without distinction. R. 84. Although Dr. Metcalf was not a treating physician, his opinion constituted a "medical opinion" that "reflect[ed] judgments about the nature and severity of" Plaintiff's impairments, including "what [Plaintiff] can still do despite impairment(s)" and Plaintiff's "physical . . . restrictions." *See* R. 580-87; 20 C.F.R. §§ 404.1527(a)(2), (e); *id.* §§ 416.927(a)(2), (e). Consequently, the ALJ was required to properly "evaluate," "consider," and "address" Dr. Metcalf's opinion. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).[1] Under this scenario, the ALJ's misapprehension of Dr. Metcalf's opinion reflects that the ALJ did not sufficiently evaluate that opinion, which renders the RFC determination based upon a faulty rationale and the ALJ's findings not "supported by specific weighing of the

---

[1] Social Security Ruling 96-6p instructs:

> RFC assessments by State agency medical . . . consultants . . . are to be considered and addressed in the decision as medical opinions from nonexamining sources about what the individual can still do despite his or her impairment(s). . . . [T]hey are to be evaluated considering all of the factors set out in the regulations for considering opinion evidence.

SSR 96-6p, 1996 WL 374180, at *4 (July 2, 1996).

8

evidence" that actually exists in the record. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

The second possibility is that ALJ correctly understood that Dr. Metcalf found Plaintiff to be capable of sedentary work and rejected that opinion. This would mean that the ALJ's statement to the contrary, that "Dr. Metcalf affirmed the claimant could perform work at the light level of activity," was merely a facial or scrivener's error. *See* R. 84. Under this scenario, the ALJ erred by failing to adequately explain his implicit rejection of Dr. Metcalf's finding regarding Plaintiff's standing/walking limitation. *See* SSR 96-8p, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted."). The ALJ also failed to adequately support his statement that he found both Dr. Metcalf's and Dr. Woodcock's opinions entitled to great weight despite the differences between them. *See id.* ("The [ALJ] must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."). The ALJ's inconsistent analysis does not adequately "describ[e] how the evidence supports each conclusion" in the RFC and does not adequately demonstrate that the RFC finding is supported by substantial evidence. *See id.*

Dr. Metcalf's opinion that Plaintiff can stand/walk only two to four hours in a workday is not so clearly inconsistent with the remainder of the medical evidence as would permit this Court to find that it was harmless error for the ALJ to disregard that opinion. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) (indicating that harmless-error analysis may be appropriate where ALJ did not properly consider evidence and "no reasonable administrative factfinder, following the correct analysis,

could have resolved the factual matter in any other way" (internal quotation marks omitted)); *see, e.g.*, R. 107 (Plaintiff testifying: "My legs can go numb when I'm walking, and I'll fall still[.]"), 413-15 (MRI showing degenerative disc changes in lumbar spine with protrusion/herniation and discogram showing posterior fissure, epidural leak, and severely dissicated disc), 497 (Plaintiff reporting her pain as 9/10 one week after epidural steroid injections), 536-37 (Plaintiff continuing to be prescribed pain medication and reporting muscle spasms two weeks after lumbar fusion surgery), 540-44 (Plaintiff's primary care physician finding that Plaintiff had decreased range of motion in her neck due to pain, restricted lumbar range of motion, and antalgic and slowed gait, and diagnosing chronic pain syndrome); *cf.* SSR 96-8p, 1996 WL 374184, at *7 ("The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot be accepted as consistent with the medical and other evidence."). Because "it is simply unexplained why the ALJ adopted some of [Dr. Metcalf's] restrictions but not others," and this lack of clarity undermines the RFC finding as a whole, this case should be remanded to the Commissioner for additional proceedings. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007).

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the decision of the Commissioner be REVERSED AND REMANDED for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with the Clerk of this Court by March 30, 2015. The parties further are advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 16th day of March, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE